**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Richard L. Duncan

   v.                                              Civil No. 08-cv-244-JL

Warden, Lakes Region Facility

**O R D E R**

    Pro se petitioner Richard L. Duncan has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his New Hampshire state court conviction (document no. 1). The petition is before me for preliminary review. See Rule 4 of the Rules Governing § 2254 Proceedings ("Habeas Rules") (requiring initial review to determine whether the petition is facially valid); see also United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to preliminarily review pro se pleadings).

    For the reasons stated below, I find that the petition does not at this time make a facially sufficient showing that Duncan is entitled to relief. I therefore order him to amend the petition to demonstrate exhaustion of each claim before I will

direct that the petition be answered.

## Background

After entering a guilty plea, Duncan was convicted on November 26, 2007 by the New Hampshire Superior Court (Grafton County) of robbery. He was sentenced to a term of imprisonment and is currently serving his sentence at the Lakes Region Facility ("LRF").[1] He concedes that he did not file an appeal of his conviction with the New Hampshire Supreme Court ("NHSC").

The record reveals that Duncan filed a motion to suspend his minimum sentence "on grounds of undue stress," which allegedly stemmed from harassment by prison staff and other inmates. In that motion, Duncan complained that since his arrival at the LRF on February 1, 2008, prison staff and other inmates repeatedly subjected him to harassment and ridicule on the basis of his sexuality, voice mannerism and sexual preference. He further complained that he feared retaliation by prison staff for addressing such issues.[2] On March 28, 2008, the superior court

---

[1] Upon completion of this sentence, Duncan claims, he must serve the following future sentence imposed by the New Hampshire Superior Court (Sullivan County): 2-7 years, consecutive, all suspended on five years of good behavior.

[2] To the extent Duncan challenges the conditions of his confinement and intends to bring retaliation claims against

denied his motion without prejudice as premature and cited to N.H. Rev. Stat. Ann. ("RSA") § 651:20, I(d).[3] Duncan claims that he did not seek further appellate review because he "did not meet the requirements of RSA 651:20."[4]

Duncan now brings the instant petition in which he alleges

---

prison staff, he may bring suit under Section 1983. See Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973)(drawing a distinction between challenges to conditions of confinement under Section 1983 and challenges to the fact or duration of confinement under the habeas statutes).

[3]N.H. Rev. Stat. Ann. § 651:20 (I) provides in pertinent part that:

> Notwithstanding any other provision of law, except as provided in subparagraphs (a),(b), and (c), the sentence to imprisonment of any person may be suspended by the sentencing court at the time of imposition of the sentence or at any time thereafter in response to a petition to suspend sentence which is timely brought in accordance with the limitations set forth below in subparagraphs (a),(b), and (c).

N.H. Rev. Stat. Ann. 651:20(I)(d) provides that "Petitions filed which do not meet the criteria in (a), (b), or (c) above shall be dismissed without a hearing."

[4]Duncan has not identified the requirements to which he refers. N.H. Rev. Stat. Ann. 651:20(I)(a) provides, in relevant part, that: a petition to suspend sentence may not be brought "until such person has served at least 4 years or 2/3 of his minimum sentence, whichever is greater, and not frequently than every three years."

the following grounds for federal habeas corpus relief:

1. conviction obtained by a guilty plea that was unlawfully induced or that was not knowing, intelligent and voluntary when (a) Duncan accepted a guilty plea while he was under the influence of prescription medication that impaired his ability to understand the plea and (b) when he accepted a guilty plea under duress and out of fear (Ground 1);

2. prison staff increased Duncan's anxiety medication (Klonopin) five times the amount prescribed since his admission to the LRF on February 1, 2008; in addition, prison staff prescribed Duncan Vistril and Zoloft for his anxiety (Ground 2)[5];

3. denial of the Sixth Amendment right to effective assistance of counsel when Duncan's court-appointed attorney failed to appear for his arraignment in state court and failed to contact him until November 26, 2008 (Ground 3); and

4. conviction obtained by a guilty plea that was not knowing, intelligent and/or voluntary when Duncan accepted a guilty plea in reliance upon his counsel's false statements that misrepresented the terms of the plea (Ground 4).

**Standard of Review**

In reviewing a pro se petition, this Court must construe the

---

[5]To the extent Duncan challenges the conditions of his confinement and intends to allege claims arising from the denial of adequate medical care, he may bring suit under Section 1983. See Preiser, 411 U.S. at 499 (holding that Section 1983 is the proper remedy for a state prisoner who is challenging the conditions of his prison life, but not the fact or duration of his custody).

4

pleadings liberally, see Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)), treating all well-pleaded factual allegations as true and drawing all reasonable inferences in the litigant's favor, see Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

**Discussion**

I.   Custody and Exhaustion

To be eligible for habeas relief, Duncan must show that he is in custody and has exhausted all state court remedies (or that he falls within a narrow category of cases in which exhaustion is not required, such as the absence of an available or effective state corrective process).  See 28 U.S.C. § 2254(a) & (b); see also Duncan v. Henry, 513 U.S. 364, 365 (1995).  He satisfies the first requirement as he is currently incarcerated at the LRF and thus is in custody.  However, Duncan fails to satisfy the second requirement because the petition does not demonstrate that he has fully exhausted his state remedies with regard to each claim.

Nor has he alleged any facts to suggest that effective state court remedies are unavailable to him.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan, 513 U.S. at 365-66 (requiring petitioner to "fairly present" his claim in the appropriate state courts, including a state supreme court with powers of discretionary review, thereby alerting that court to the federal nature of the claim)).  "[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application."  Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997).

In the instant petition, Duncan raises four grounds for

federal habeas corpus relief.  He has not adequately demonstrated that he presented each claim and the federal nature of each claim to the NHSC for review.  Accordingly, he has failed to demonstrate exhaustion of state remedies as to the four claims raised in his federal petition.  To demonstrate exhaustion of his claims, Duncan must provide this court with copies of any motions, petitions, notices of appeal, briefs and orders and/or final judgments pertaining to his state court proceedings.  See Smith v. Digmon, 434 U.S. 332, 333 (1978) (discussing documents which would enable a federal court to determine whether the grounds supporting the habeas petition had been presented for review in the state courts).  In particular, he should provide this Court with a copy of any appeals filed with the NHSC.  He may need to return to the state courts to fully present his unexhausted claims and the federal nature of each claim before he can make the required amendment to his federal petition.

II.  Stay

The Supreme Court has held that a district court should stay a habeas corpus petition if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that he engaged in

intentionally dilatory litigation tactics. See Rhines v. Weber, 544 U.S. 269, 278-79 (2005) (permitting a federal district court to stay a federal habeas action and hold the petition in abeyance while the petitioner exhausts claims in state court). See also Duncan v. Walker, 533 U.S. 167, 182-83 (2001) (Stevens, J., concurring) (district court may retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies). Staying unexhausted claims may be the only appropriate course in cases in which an outright dismissal threatens to imperil the timeliness of a collateral attack. Neverson v. Bissonnette, 261 F.3d 120, 126 n.3 (1st Cir. 2001); see also Delaney v. Matesanz, 264 F.3d 7, 15 n.5 (1st Cir. 2001) (recommending staying exhausted claims where "there is a realistic danger that a second petition, filed after exhaustion has occurred, will be untimely"). Accordingly, to the extent Duncan elects to exhaust his unexhausted claims, I will order the proceedings stayed and the petition held in abeyance pending complete exhaustion of state remedies.

### Conclusion

For the reasons stated above and because the claims raised in the petition have not been exhausted, I will allow Duncan an

opportunity to amend his petition to demonstrate exhaustion of state remedies with regard to his claims and the federal nature of those claims.  To make this showing, he is instructed to provide the court with a copy of his notice(s) of appeal to the NHSC and any other relevant state court pleadings, orders or decisions within thirty (30) days.  If the claims have not been exhausted, he is ordered to notify the court either (1) that he is withdrawing the unexhausted claims or (2) that he is proceeding in state court to exhaust them.

In the event he chooses to exhaust in state court, Duncan must commence the state court proceedings within thirty (30) days of the date of this order.  I will order the proceedings stayed and the petition held in abeyance, pending complete exhaustion of state remedies.  The stay will be issued under the following two conditions:

> 1. Duncan is ordered to contact this Court every 90 days, beginning from the date of entry of this order, and inform the court of the status and pendency of his state court proceedings, if any, and the disposition of any appeal or related matter.
>
> 2. Within 30 days following any ruling and/or notification by the New Hampshire Supreme Court on the claims at issue, and the exhaustion of such claims, Duncan must notify this Court of the ruling and submit all briefs or other pleadings

      filed in the state court proceedings; he must also
file a request with this Court, stating that his
state court matter has been disposed of and that
he wishes to terminate the stay and have this
Court further consider his petition.

    Failure to comply with either condition may result in dismissal of the petition without prejudice.

    **SO ORDERED.**

                              /s/ James R. Muirhead
                              James R. Muirhead
                              United States Magistrate Judge

Date: August 18, 2008

cc:   Richard L. Duncan, pro se

10